UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| ADRON LITTLEMANE FLOYD, #286445, | |
| Plaintiff, | Case No. 1:08-cv-64 |
| v. | Honorable Janet A. Neff |
| LAWRENCE A. STELMA, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Alger Maximum Correctional Facility located in Munising Michigan. On January 17, 2008, plaintiff filed his complaint in this case regarding the conditions of his one-day confinement at the Kent County Correctional Facility (KCCF) on August 27, 2007, when plaintiff was temporarily held at KCCF, after plaintiff's re-sentencing hearing in Kent County Circuit Court. On January 22, 2008, the court entered an order allowing plaintiff to proceed in forma pauperis. (docket # 5). The court has since learned that plaintiff was barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g) because plaintiff had filed three or more lawsuits dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, the order granting plaintiff leave to proceed *in forma pauperis* will be vacated. Plaintiff will be ordered to pay the $350.00 civil action filing fee within thirty days of this memorandum opinion and accompanying order, and I will recommend to the district judge that his action be dismissed without prejudice if plaintiff fails to pay the filing fee as required. If the case is dismissed, plaintiff will remain responsible for payment of

the $350.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002). All other proceedings in this case will be held in abeyance.

### **Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the United States Court of Appeals for the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners-many of which are meritless-and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir.1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. 106 F.3d at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis* ] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in section 1915(g), is express and unequivocal. "The three-strikes rule, in an effort to lessen the crush of frivolous prisoner filings in the federal courts, precludes prisoners -- unless they face imminent danger of serious physical injury -- from proceeding IFP if they have had three prior cases dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted." *Pointer v. Wilkinson*, 502 F.3d 369, 370 (6th Cir. 2007).[1]

During his imprisonment, plaintiff has been an active litigant in the federal courts. Before he filed this lawsuit on January 17, 2008, plaintiff had "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed[2] on the grounds that it [was] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted":

1. *Floyd v. Koskiniemi, et al.*, 2:02-cv-7 (W.D. Mich. 2002)(dismissed for failure to state a claim);

2. *Floyd v. Emmet Correctional Facility, et al.*, No. 1:06-cv-283 (W.D. Mich. 2006)(dismissed for failure to state a claim);

3. *Floyd v. Kent County, et al.*, No. 1:07-cv-600 (W.D. Mich. 2007)(dismissed for failure to state a claim); and

4. *Floyd v. Koskiniemi*, 56 F. App'x 236, 237 (6th Cir. 2003)(affirming dismissal "for the reasons stated by the district court in its opinion").

---

[1] The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Pointer v. Wilkinson*, 502 F.3d at 377-78; *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir.1998).

[2] Plaintiff has filed other lawsuits in this court, and thereafter abandoned them. *See Floyd v. Burnett, et al.*, No. 2:05-cv-102 (W.D. Mich. 2005); *Floyd v. LaChance, et al.*, No. 2:05-cv-140 (W.D. Mich. 2005). These lawsuits, dismissed by the court for failure to prosecute, have not been counted against plaintiff towards the three strikes he is allowed under 28 U.S.C. § 1915(g).

Plaintiff's claims do not fall within the narrow statutory exception to the three-strikes rule. Plaintiff was held a KCCF for one day, August 27, 2007, and thereafter returned to the physical custody of the Michigan Department of Corrections. His claims do not involve imminent danger of serious physical injury. *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008)(collecting cases); *see also Blackerby v. McNeil*, No. CV 307-71, 2008 WL 5210351, at * 3 (S. D. Ga. Dec. 10, 2008)("[I]n order to qualify for the imminent danger exception to the three strikes rule, a prisoner must be in imminent danger at the time he files suit in the district court, not at the time of the alleged incident that serves as the basis for the complaint."); *Avent v. Fisher*, No. 9:07-CV-1135, 2008 WL 5000041, at * 3 (N.D.N.Y. Nov. 20, 2008)(same).

## **Conclusion**

Section 1915(g) prohibits plaintiff from proceeding *in forma pauperis* in this action. The court's January 22, 2008 order granting plaintiff to proceed *in forma pauperis* (docket # 5) will be vacated. Plaintiff will have thirty days from the date of entry of the accompanying order to pay the entire civil action filing fee, which is $350.00. I will recommend to the district judge that this case be dismissed without prejudice if plaintiff fails to pay the filing fee within the thirty-day period. Plaintiff will continue to be responsible for payment of the $350.00 filing fee. If plaintiff pays the filing fee within thirty days, the court's stay will be lifted and the court will address the merits of plaintiff's pending motions for leave to amend his complaint to add additional claims against thirteen

new defendants (docket # 53) and his motion under Rule 706 of the Federal Rules of Evidence for appointment of expert witnesses (docket # 61).


Dated:   January 15, 2009          /s/  Joseph G. Scoville
                                    United States Magistrate Judge